# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

———————————————————————————

COREY WILSON,

        Plaintiff,

v.                                               Case No. 09-CV-189

PATRICK SHEEHAN, ROBERT METZGER,
RORY HART, and ROBERT ADAMS,

        Defendants.

———————————————————————————

## ORDER

On February 23, 2009, plaintiff Corey Wilson ("Wilson") filed a *pro se* complaint using this district's standardized civil rights complaint form. (Docket #1). The complaint alleges that the named defendants, his former and/or current business associates, breached several agreements relating to the manufacture and sale of insulated football helmet-shaped hats for football fans. Wilson alleges that he was granted a patent for inventing the helmet-shaped hats in 2002. Wilson also alleges that he has suffered some racial discrimination during his business dealings. On March 23, 2009, one of the defendants, Patrick Sheehan ("Sheehan"), filed an answer *pro se*. (Docket #5). Then, on May 15, 2009, Wilson and Sheehan filed what appears to be a settlement agreement in which Wilson agrees to dismiss this lawsuit without prejudice. (Docket #11).

Because the court finds it lacks subject matter jurisdiction over this case, the court is obliged to dismiss this case notwithstanding the purported settlement. *See*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action). Despite the fact that Wilson outlined his allegations on a civil rights complaint form, Wilson's complaint does not allege a civil rights case. For there is no alleged state actor involved, or any alleged conspiracy to deprive Wilson of any of his constitutional rights. 42 U.S.C. §§ 1983 and 1985(3). Nor does Wilson state a claim under 42 U.S.C. § 1981, which proscribes private discrimination against racial minorities that results in a deprivation of one or more rights enumerated in § 1981, including the right to make and enforce contracts. *See Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 837 (7th Cir. 2005). The only discrimination Wilson alleges is on the part of certain corporate entities with whom Wilson and his business associates were doing business. They were not made parties to this case.

To the extend Wilson makes allegations relating to a patent he may have obtained, Wilson's complaint is also insufficient to invoke the court's jurisdictional power. The court's jurisdiction to hear patent law cases "extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that . . . patent law is a necessary element of one of the well-pleaded claims." *U.S. Valves, Inc. v. Dray*, 190 F.3d 811, 813 (7th Cir. 1999). Wilson's complaint only alleges that the defendants may have breached an agreement on royalties. Wilson's claim for relief is not dependent whatsoever on the

validity of his patent. Wilson's complaint sets forth a contract claim, and nothing more.

Since it is also evident from the complaint that at least one of the named defendants does not have diverse citizenship from Wilson, diversity jurisdiction under 28 U.S.C. § 1332(a) cannot support the court's power to adjudicate this case. As a result, the court will dismiss this case without prejudice to any future complaint Wilson may file that properly invokes the court's subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that the complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk is directed to enter judgment accordingly,

Dated at Milwaukee, Wisconsin, this 12th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge